UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SCOTT PEASLEY,<br>    Plaintiff,<br>v.<br>KATHERINE RIPPBERGER,<br>    Defendant. | Case No. 18-CV-03498-LHK<br>**ORDER DENYING MOTION TO MODIFY SUBPOENA; GRANTING MOTION FOR EXTENSION OF TIME**<br>Re: Dkt. Nos. 20, 24 |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. On September 24, 2018, the Court concluded plaintiff had stated a cognizable claim that defendant Nurse Katherine Rippberger was deliberately indifferent to plaintiff's serious medical needs, and directed defendant to file a dispositive motion or notice that such motion is unwarranted. Dkt. No. 5. On December 26, 2018, plaintiff moved for summary judgment. Dkt. No. 9. The Court denied this motion as premature. Dkt. No. 13.

Plaintiff now moves for an order modifying a subpoena from defendant. Dkt. No. 20. The subpoena requests plaintiff's medical records through May 2019. *See id.* Plaintiff argues that because his claim arises from events in May 2017, this subpoena is overbroad. *See id.* However,

1

Case No. 18-CV-03498-LHK
ORDER DEN. MOT. TO MODIFY SUBPOENA; GRANTING MOT. FOR EXTENSION OF TIME

plaintiff claims he suffered permanent negative health effects as a result of the alleged deliberate indifference. *See* Dkt. No. 21 at 2; *see also* Compl. at 15 (stating plaintiff's injury is "not correctable and will only promote an early death"). Defendant argues that plaintiff's medical records are necessary to determine (1) whether plaintiff has in fact suffered a permanent injury and (2) whether defendant's alleged deliberate indifference caused this injury. The Court agrees that plaintiff's medical records through May 2019 are relevant to answer these questions, and denies plaintiff's motion to modify the subpoena.

Plaintiff also moves for summary judgment ("MSJ"). Dkt. No. 22. Defendant moves for an extension of time to file an opposition to plaintiff's MSJ, and for an extension of time to file a dispositive motion. Dkt. No. 24. Defendant explains that she intends to retain an expert in endocrinology to review plaintiff's medical records. *Id.* at 3. Having read and considered the motion for an extension of time, and for good cause appearing, the motion is **GRANTED**. Therefore:

- Defendant shall file her opposition to plaintiff's MSJ on or before **October 25, 2019**, and plaintiff shall file his reply, if any, no later than **fourteen (14) days** after defendant's opposition is filed.

- Defendant shall file her dispositive motion, if any, **on or before October 25, 2019**. Plaintiff's opposition to defendant's motion shall be filed **no later than twenty-eight (28) days** from the date the motion is filed, and defendant <u>shall</u> file a reply no later than **fourteen (14) days** after the opposition is filed.

Defendant is advised that no further extension of time to file a dispositive motion shall be granted.

This order terminates docket numbers 20 and 24.

**IT IS SO ORDERED.**

DATED: 6/27/2019

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

2
Case No. 18-CV-03498-LHK
ORDER DEN. MOT. TO MODIFY SUBPOENA; GRANTING MOT. FOR EXTENSION OF TIME